## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

MICHAEL HOUSTON,                )
                               )
    Plaintiff,              )
                               )
v.                             )          CV423-052
                               )
SHERIFF JOHN T.                )
WILCHER, *et al.*,             )
                               )
    Defendants.             )

## <u>ORDER</u>

*Pro se* plaintiff Michael Houston has filed this 42 U.S.C. § 1983 case objecting to the conditions of his confinement at Chatham County Detention Center. *See* doc. 1 at 5. The Court granted Houston leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7. The Court must, therefore, screen his Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Houston is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Before considering the substance of Houston's claims, the Court must address an ambiguity in his Complaint. In the caption, he has listed himself as the Plaintiff, but added "*et al.*," which is an abbreviation of a Latin phrase meaning "and others." *See* doc. 1 at 1. The body of his Complaint does not list any additional plaintiffs. *See id.* at 4. Compounding the ambiguity, he has submitted two documents from other prisoners concerning the conditions at Chatham County Jail. *See* docs. 1-1 & 1-2. Although Houston does not expressly seek to proceed on behalf of those other individuals or to pursue this case as a class action, the ambiguities merit clarification that any such attempt would be inappropriate. The Eleventh Circuit has held that the PLRA requirement that "each prisoner pay the full filing fee" precludes permissive joiner of multiple plaintiffs in a single case. *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (citing 28 U.S.C. § 1915(b),

*cert denied*, 534 U.S. 1136 (2002)); *see also Scott v. Strength*, 2006 WL 2327469 (S.D. Ga. Aug. 8, 2006).   Moreover, "[a]s a *pro se* litigant, [plaintiff] cannot bring an action on behalf of his fellow . . . inmates." *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014).  The Court, therefore, will not construe Houston's Complaint to assert claims on behalf of any other individual or consider the attached documents in screening.

Houston objects to multiple conditions of his confinement at Chatham County Detention Center.  *See* doc. 1 at 5.  He objects to the amount of time prisoners are confined to their cells.  *See id.*  He objects that they are not permitted to "eat in the dayroom . . . ."  *Id.*  He also alleges that prisoners are not allowed to "communicate . . . behind cell doors . . . ."  *Id.*  Other than alleging that "[t]he rules are set . . ." to prevent communication, he does not allege how communication is prevented.  *Id.*  He objects that prisoners are only afforded two hours of "time out," presumably from their cells and cannot access the "kiosk" during other times.  *Id.*  He alleges that the jail copies legal mail "without testing it for contraband."  *Id.*  He states that the "excuse used," it is not clear for which policy, "is COVID but the court has been opened since last

year." *Id.* He objects that prisoners "have no jobs but . . . are charged inflated commissary prices and have to pay for all calls." *Id.* He objects that prisoners have "no access to radio media." *Id.* He objects that "the court," it's not clear which one, "is also doing nothing but ignoring our pleas." *Id.* He objects that "officers watch more tv and movies at the job than [prisoners] do." *Id.* Finally, he states "medical and dental care is inadequate." *Id.*

The Court is generally skeptical that Houston's complaints are sufficient to state any claim upon which relief can be granted. Several do not implicate any obvious constitutional rights. For example, it is unclear what constitutional right is infringed by preventing inmates from eating meals "in the dayroom," or denying access to "radio media." *See* doc. 1 at 5. Others are simply too vague and conclusory to state any claim. For example, the Constitution precludes prison officials from being deliberately indifferent to prisoner's serious medical needs. *See, e.g., Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). However, the entirely conclusory allegation that "medical care . . . is inadequate" is not sufficient to assert a deliberate indifference claim. *Cf. Iqbal*, 556 U.S. at 678. Regardless of the potential defects in the substance of Houston's

claims, his Complaint must be dismissed for his failure to exhaust his administrative remedies.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available remedies is mandatory, "[a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 578 U.S. 632, 638-39 (2016). Moreover, the statute's plain language "means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." *Leal*, 254 F.3d at 1279 (internal quotation marks and citation omitted); *see also McDaniel v. Crosby*, 194 F. App'x 610, 613 (11th Cir. 2006) (grievances and administrative appeals submitted after a complaint was filed "cannot be used to support [a] claim that [a plaintiff] exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of [the] suit, and, thus, must have occurred before the suit was filed." (citation omitted)).

Although failure to exhaust administrative remedies is an affirmative defense, when the failure to exhaust is apparent on the face of the complaint, dismissal is warranted under 28 U.S.C. § 1915A. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007). Houston's Complaint expressly alleges that Chatham County Detention Center has a grievance procedure and that he has filed a grievance. *See* doc. 1 at 3. It is also clear that he filed the Complaint before he received any response to that grievance. *Id.* Somewhat confusingly, he also alleges that he appealed an adverse decision on his grievance. *Id.* at 4. However, he also alleges that he has not had a response to that appeal. *Id.* Houston's failure to exhaust his administrative remedies is, therefore, apparent on the face of his Complaint.

The Supreme Court has made it clear that, although the administrative exhaustion requirement is mandatory, it "hinges on the 'availability' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross*, 578 U.S. at 642 (alteration omitted). One way in which an administrative remedy may be "unavailable" is "when (despite what regulations or guidance materials may promise) it operates as a simple

dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. Another way a nominally "available" remedy may be practically unavailable is when it is "so opaque that it becomes . . . incapable of use." *Id.* at 643-44. Finally, a remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. The closest that Houston comes to explaining his failure to follow the acknowledged grievance procedure is that "[t]he grievance system is controlled." Doc. 1 at 5. Whatever that allegation might mean, it does not allege any sufficiently serious or pervasive defect in the process that would render it unavailable.

Since Houston's Complaint expressly alleges that administrative remedies were available and that he had not exhausted them when he filed it, it is **DISMISSED**. Doc. 1. Finally, the Court must assess Houston's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects average monthly deposits of $26.13. Doc. 7 at 1. Based upon his furnished information, he owes an initial partial filing fee of $5.23. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee

assessment "when funds exist," under a specific 20 percent formula).  His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 17th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA